UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

AMY HAUS, et al.,

               Plaintiffs,

  - against -

THE CITY OF NEW YORK, et al.,

               Defendants.

------------------------------------------X

<u>03 Civ. 4915 (RWS)</u>

<u>MEMORANDUM OPINION</u>

**Sweet, D.J.,**

       Defendants The City of New York ("The City"), Raymond Kelly, New York City Police Commissioner (the "Commissioner"), George Grasso, New York City First Deputy Police Commissioner (the "Deputy Commissioner"), Joseph Esposito, Chief of the Department, New York City Police Department ("Chief Esposito"), Michael Esposito, Chief of Patrol Borough Manhattan South, New York City Police Department ("Chief Esposito Manhattan South"), sixty John and Mary Doe Police Officers ("Doe Police Officers"), Wesley Otero, New York City Police Officer ("PO Otero"), Jeff Millenbach, New York City Police Officer ("PO Millenbach"), Kelly, New York City Police Officer ("PO Kelly"), Daniel Ryan, New York City Police Officer ("PO Ryan"), Hannon, New York City Detective, Shield No. 3655 ("Detective Hannon"), forty John and Mary Doe, New York City Police Officers ("Doe Police Officers"), John Beale ("Beale"), Neil Spadaro, Patrol Borough Manhattan South ("Chief Spadaro"), Rocco Loccisano, New York City Police Officer ("PO

1

Loccisano"), Bruce Smolka, Assistant Chief of Police ("Chief Smolka") (collectively, the "Defendants") have moved pursuant to Rule 72, Fed. R. Civ. P., for a review and modification of the memorandum order of the Honorable Michael H. Dolinger, entered December 28, 2004 (the "December 28 Order") determining that 66 pages of planning and evaluative documents of the New York City Police Department ("NYPD") were not protected by the deliberative and law enforcement privileges.

**Prior Proceedings**

Any Haus and other plaintiffs (the "Plaintiffs") filed their class action complaint on July 1, 2003, alleging civil rights violations committed by the Defendants in the course of an anti-war demonstration on February 15, 2003 (the "Demonstration").

The Plaintiffs sought discovery of the documents relating to the the NYPD's preparation for the Demonstration. The Defendants asserted law enforcement and deliberative privileges as to certain information contained in the documents at issue, and the Plaintiffs moved to compel the Defendants to produce the documents in unredacted form. This motion to compel was disposed of by the December 28 Order.

The Defendants' motion for review and modification of the December 28 Order was argued and marked fully submitted on February 3, 2005.

## The Documents at Issue

Judge Dolinger considered the following two documents: (1) a 10-page document entitled "Critique Report: Anti War, Target Location - 2/15/03" (the "Critique") and (2) a 56-page document entitled "Anti-War Demonstration Saturday, 02/15/03, Complete Set of Post Lists and Maps" (the "Planning Documents").  ( See January 14, 2005 letter to the Court from Assistant Corporation Counsel Dara L. Weiss ("January 14, 2005 Weiss Letter"), at Ex. B.)

Pursuant to the confidentiality order negotiated between the parties, and in accordance with the November 1, 2004 Order of Judge Dolinger, Defendants on November 5, 2005 produced the Critique and Planning Documents with privileged information redacted, and an appropriate privilege log was produced.  Materials similar to the ones redacted in the instant action were ruled to be protected by the law enforcement privilege by the Honorable Gabriel Gorenstein in Allen v. City of New York, No. 03 Civ. 2829 (KMW)(GWG)(S.D.N.Y.).  The same 66 pages of documents at issue here were produced to plaintiffs in redacted form in Stauber v. City of New York, No. 03 Civ. 9162 (RWS) (S.D.N.Y.); Conrad v. City of New York, No. 03 Civ. 9163 (RWS) (S.D.N.Y.), and Gutman v. City of New York, 03 Civ. 9164 (RWS) (S.D.N.Y.)(the "NYCLU cases").  Those three cases also arose out of the February 15, 2003 anti-war demonstration.

## The Critique Document Will Be Produced In Unredacted Form

Judge Dolinger ruled that the Critique, which bears Bates numbers AHPRIV 1-AHPRIV 10 (<u>see</u> January 14, 2005 Weiss Letter Ex. B), is not subject to the deliberative process privilege. Since these pages had been previously turned over by the City in unredacted from in the NYCLU cases, the Defendants have not objected to that part of the December 28 Order that concerns the Critique.

**<u>Redacted Planning Documents Will Be Produced</u>**

The Defendants seek to limit the production of the Planning Document to the redacted form which was produced in <u>Stauber</u> as described above. (<u>See</u> January 14, 2005 Weiss Letter, at 6.)

The December 28 Order concluded that the law enforcement privilege was intended primarily to prevent disclosure of law enforcement techniques, to preserve confidential sources, to protect witnesses, to safeguard privacy, and to prevent interference in an investigation. <u>See</u> <u>In re Dep't of Investigation of City of New York</u>, 856 F.2d 481, 484 (2d Cir. 1988). Judge Dolinger correctly concluded that disclosure of the Planning Document on a confidential basis would not violate the privilege in the absence of a particularized showing. As Judge Dolinger noted, the number and location of police officers was an observable fact.

of City of New York, 856 F.2d 481, 484 (2d Cir. 1988). Judge Dolinger correctly concluded that disclosure of the Planning Document on a confidential basis would not violate the privilege in the absence of a particularized showing. As Judge Dolinger noted, the number and location of police officers was an observable fact.

The identification of individual police officers, absent a further showing as to a particular need, does not provide relevant information and may be redacted.

It should also be noted that there is a confidentiality order in place which will prohibit the publication of the information contained in the Planning Document beyond the confines of this action and those with a common interest arising out of the Demonstration.

## Conclusion

The Critique Document shall be produced in unredacted form, and the Planning Document will be produced with the redactions described above.

It is so ordered.

New York, NY
April 27 , 2005

ROBERT W. SWEET
U.S.D.J.

5